UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGEL VALASQUEZ,

       Plaintiff(s),

    v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,

       Defendant(s).
_____/

No. C 08-3818 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART; REMANDING STATE CLAIMS**

      Before the court is the motion to dismiss filed by defendant Mortgage Electronic Registration Systems, Inc. and the separate motion to dismiss filed by defendants Northwest Trustee Services, Avelo Mortgage, LLC, and Litton Loan Servicing, Inc. Plaintiff has not opposed the motions. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of November 19, 2008, is VACATED. For the reasons that follow, the court dismisses the federal claim and remands the state claims.

## BACKGROUND

      This action arises out of an attempted foreclosure sale of real property purchased by plaintiff Angel Valasquez ("plaintiff"). Plaintiff is a resident of Mendocino County, California and the owner of real property located at 38020 Old State Road, Gualala, CA 95445 (the "property"). Compl. ¶ 1. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary regarding the property. Compl. ¶ MERS is an electronic registration and tracking system that was formed to track both beneficial ownership interests in, and servicing rights to, mortgage loans as they change hands through the life

of a loan. Defendant American Mortgage Network, Inc. ("American") is in the business of providing funding for mortgage loans, and in that capacity, funded plaintiff's mortgage loan. Compl. ¶ 4. Defendant S.T. Funding ("ST") is a mortgage broker that introduced plaintiff to American. Compl. ¶ 5. Defendant Angela M. Baca ("Baca") was an employee of ST during the relevant incidents giving rise to this action. Compl. ¶ 5(b). Defendant Northwest Trustee Services ("Northwest") issued a Notice of Default and other notices relating to the foreclosure of plaintiff's property. Compl. ¶ 3.

On or about August 23, 2006, plaintiff financed the acquisition of his home through American, with a mortgage loan arranged through ST and their employee Baca. Compl. ¶ 8; The loan was secured by a Deed of Trust against the property. Defs.' Request for Judicial Notice ("RJN"), Exh. 1. The Deed of Trust was recorded by First American Title Insurance Company ("First American") on September 6, 2006. Id. American, upon funding the loan, caused MERS, to be placed on the title of the property as the "Nominee Beneficiary" for American under the Deed of Trust. Compl. ¶ 11. America subsequently sold the loan after funding it. Compl. ¶ 13.

On or about September 2007, plaintiff defaulted on the payments due on the loan. Compl. ¶ 15. On November 28, 2007, MERS assigned to Avelo Mortgage, LLC ("Avelo") all beneficial interest under the Deed of Trust. RJN, Exh. 2. This assignment was recorded on March 4, 2008. Id. On November 28, 2007, Northwest was substituted as the new Trustee under the Deed of Trust in place of First American. RJN, Exh. 4. It is unclear when the substitution was recorded. Id. On November 29, 2007, a non-judicial foreclosure was initiated when Northwest caused a Notice of Default and Election to Sell Under Deed of Trust to be recorded. RJN, Exh. 3. On June 26, 2008, plaintiff, commenced the instant action in state court in *pro se*, alleging nine claims for relief, as follows: (1) declaratory relief; (2) fraud; (3) fraud (set aside wrongful foreclosure); (4) slander of title; (5) lender fraud; (6) civil conspiracy; (7) breach of fiduciary duty; (8) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*

("RESPA"); and (9) negligence. On August 4, 2008, the Notice of Default and Election to Sell Under Deed of Trust was rescinded when Northwest caused a Rescission of Notice of Default and Election to Sell Under Deed of Trust to be recorded. RJN, Exh. 5. On August 11, 2008, the action was removed by MERS on the basis of federal question jurisdiction. On August 21, 2008, MERS filed a motion to dismiss certain of the claims alleged in the complaint, including the only federal claim. On October 15, 2008, Northwest, Avelo and Litton Loan Servicing ("Litton") also filed a motion to dismiss certain state claims. Plaintiff filed no opposition to either motion.

## DISCUSSION

A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Illeto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of material fact are taken as true. Erickson, 127 S.Ct. at 2200. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is

plausible on its face.  See id. at 1966-67.

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).   An exception to this rule is that a court may consider a matter that is properly the subject of judicial notice, such as matters of public record.  Id. at 689.  see also  Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment).

B.    Legal Analysis

1.    Request for Judicial Notice

Northwest and Avelo request that this court take judicial notice of the following documents: (1) Deed of Trust, dated on August 23, 2006 and recorded on September 6, 2006, in the Official Records of Mendocino County, California as Instrument No. 2006-17622; (2) Assignment of Deed of Trust, dated November 28, 2007 and recorded on March 4, 2008; (3) Notice of Default and Election to Sell Under Deed of Trust, recorded on November 29, 2007; (4) Substitution of Trustee, dated November 28, 2007 and apparently recorded on March 4, 2008; and (5) Rescission of Notice of Default and Election to Sell Under Deed of Trust, dated July 31, 2008 and recorded on August 4, 2008.

Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of these documents as they are matters of public record.  See W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D. Cal.1992) (taking judicial notice of documents in a county public record, including deeds of trust ); see also  Mack, 798 F.2d at 1282 (on a motion to dismiss, a court may properly look beyond the complaint to matters of public record).

2.    RESPA Claim

Plaintiff's sixth claim for relief alleges a statutory violation of RESPA.  Specifically, plaintiff alleges that defendants American, MERS, ST and Baca violated § 2607 of the

statute by charging various illegal fees and by receiving illegal kickbacks, and/or by failing to disclose these illegal fees and kickbacks.

"RESPA prohibits the giving or receiving of fees for referral as part of a real estate settlement service but permits fees that are paid for facilities actually furnished or services actually performed in the making of a loan." See Schuetz v. Banc One Mortg. Corp., 292 F.3d 1004, 1005-06 (9th Cir. 2002). Section 2607(a) prohibits the receipt of referral fees or kickback payments for the completion of a loan transaction. Section 2607(b) provides that fees may be received only for "services actually performed."

Here, plaintiff obtained his loan August 23, 2006 and it was recorded on September 6, 2006. Plaintiff commenced the instant action nearly two years later on June 27, 2008. RESPA provides a one-year statute of limitations for section 2607 claims. 12 U.S.C. § 2614. Thus, the federal claim which gives rise to this court's jurisdiction, is time-barred. MERS's motion to dismiss is **granted** and the federal claim is **dismissed with prejudice**.

3.   Supplemental Jurisdiction

Because the federal claim that served as a basis for jurisdiction has been dismissed, the court has discretion under § 1367(c)(3) to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims, 28 U.S.C. § 1367(c)(3). In determining whether to exercise supplemental jurisdiction, the court considers whether the values of economy, convenience, fairness, and comity are served by retention of supplemental jurisdiction. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). Applying this standard here, as to economy, the court has invested minimal judicial time and energy on this case. As to convenience, there is no apparent reason why it would be more convenient for the parties to have this case proceed in this court rather than in state court. As to fairness, the state forum will provide just as fair a proceeding as a federal one. Finally, as to comity, this factor weighs in favor of remand insofar as the remaining claims all arise under state law. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (needless decisions of state law should be avoided as a matter of comity). Accordingly, as this case was originally filed in state court and removed by defendants, the motions to

dismiss the remaining state law claims are denied without prejudice and those claims are hereby **remanded**.

**IT IS SO ORDERED.**

Dated: November 17, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge